## DEELEY v. HEINTZ.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. SALES—WARRANTY—BURDEN OF PROOF.
    In an action for breach of warranty on a sale of goods, the burden of proof is on plaintiff.

2. SAME—EVIDENCE—CONTEMPORANEOUS AGREEMENT.
    In an action for a breach of warranty of goods, sold under a contract consisting of a correspondence between the parties, a contract between them for the sale of similar goods, referring to previous dealings between the parties as to the quality of goods to be thereafter delivered, is competent as showing the meaning of the descriptive terms used in the correspondence constituting the contract in suit.

Appeal from special term, New York county.

Action by Maud A. Deeley against Carl Heintz. There was a judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Eugene Sondheim, for appellant.

Henry W. Rudd (M'Cready Sykes, on the brief), for respondent.

WOODWARD, J. Isaac Winkler & Bro., of Cincinnati, Ohio, were engaged in the year 1895 in dealing in carbonate of potash and other chemical products, and during that year purchased of the defendant, a resident of Cologne, Germany, 130 casks of "80–85 per cent. carbonate of potash." These 130 casks of potash, while purchased under distinct contracts, perhaps, were but a part of a long series of transactions between the parties; and, as the contracts had to be spelled out from the contents of various letters and telegrams, it was necessary to take under consideration, upon the trial, much that

was of only incidental bearing upon the issue presented. As to the contents of these 130 casks, the plaintiff, who holds by assignment the claim of Isaac Winkler & Bro., claims that the goods were not up to the standard of 80–85 per cent. carbonate of potash, and that, by reason of the inferior grade of goods, the plaintiff's assignor was damaged in the sum of $1,394.34. A jury trial was waived, and the plaintiff elected to try the action upon the theory of a breach of warranty, the trial court finding for the defendant. From the judgment entered, appeal comes to this court.

That in this case, as in every other, the burden of proof lies upon the plaintiff to establish her cause of action, requires the citing of no authorities; and that she has failed in thus meeting this requirement no one who reads the record will have any reasonable doubt. The learned trial court found, as a matter of fact, that the plaintiff's assignors agreed to purchase of the defendant 130 casks of refined potash; that it was not agreed between "said Isaac Winkler & Bro. and defendant that said potash should contain eighty to eighty-five per cent. potash, or eighty to eighty-five per cent. carbonate of potash, but, on the contrary, it was agreed between said parties that said potash was to contain a minimum of eighty to eighty-five per centum carbonate of alkali," and that "said 130 casks of potash, and each shipment thereof, contained a minimum of eighty to eighty-five per centum of carbonate of alkali, and conformed to the contract in every respect." These facts being supported by the evidence, the conclusions of law that the plaintiff has failed to prove the cause of action alleged in the complaint, and that the defendant is entitled to judgment dismissing the complaint upon the merits, with costs, follow, necessarily.

We are unable to agree with the contention of the plaintiff that the admission of defendant's Exhibit No. 1 was reversible error. While the contract was distinct from the one under which the plaintiff's cause of action is supposed to have accrued, it is dated at the time of one of the transactions, and refers to previous dealings as to the quality of goods which are to be delivered in the future. It calls for the same kind of goods which had been mentioned in the contracts involved in the present action; and says that those to be delivered under this contract shall be "as bought formerly." It was objected to as immaterial and irrelevant; but, as it refers to previous transactions, and, at most, serves to supplement the exhibits made by the plaintiff, we are unable to discover in what possible manner it could prejudice the plaintiff. We think it was competent, as showing the understanding of the parties as to the meaning of the descriptive terms used in the correspondence from which the contract is worked out. The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.